UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORDAN I. RUIZ,

                        Plaintiff,

    v.                                    No. 18-CV-7007 (KMK)

WESTCHESTER COUNTY DOC, *et al.*,        ORDER OF DISMISSAL

                        Defendants.

KENNETH M. KARAS, United States District Judge:

       On September 10, 2020, the Court issued an Order To Show Cause, directing Plaintiff to file an Amended Complaint or show cause as to why the case should not be dismissed for failure to state a claim by no later than October 13, 2020. (Dkt. No. 44.) On September 11, 2020, the Clerk of the Court mailed a copy of the Order to Plaintiff at the address provided to the Court and listed on the docket sheet: 02360544H, Anna M. Kross Center (AMKC), 18-18 Hazen Street, East Elmhurst, NY 11370. (*See* Dkt. (entry for Sep. 11, 2020).) The mail was returned to the Clerk of the Court as undeliverable for the following reasons: "Return To Sender Not Deliverable As Addressed Unable To Forward, RTS, Disc." (*See* Dkt. (entry for Sep. 21, 2020).) Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that her address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 6 ("Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.").) Plaintiff has not filed an Amended Complaint and has not otherwise communicated with the Court since sending a letter dated May 15, 2020. (*See* Dkt. No. 41.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case. Plaintiff has not communicated with the Court since his letter dated May 15, 2020—more than five months. (*See* Dkt. No. 41.) Prior to this letter, and despite sending two earlier letters requesting appointment of counsel, (*see* Dkt. Nos. 35, 39), Plaintiff did not oppose Defendants' February 7, 2020 Motion To Dismiss, (Dkt. No. 31), which the Court deemed fully submitted on April 14, 2020, (Dkt. No. 38). The Clerk of the Court mailed Plaintiff a copy of the Court's July 28, 2020 Opinion & Order dismissing his Second Amended Complaint without prejudice and ordering him to submit a third amended complaint within 30 days. (Dkt. No. 43; Dkt. (entry for July 28, 2020).) Since this Order was not returned, Plaintiff appears to have been aware of the need to amend his complaint, which he has already done two times. (*See* Dkt. Nos. 10, 27.) Further, Plaintiff has on four occasions provided a new address to the Court, (*see* Dkt. Nos. 9, 11, 14, 18), suggesting that he was aware that a failure to update his address could result in dismissal, (*see* Dkt. No. 6).

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at

\*1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at \*4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

    The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 19, 2020
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE